# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

ALAN SCHUBERT,

        Petitioner,      :      Case No. 2:23-cv-4231

 - vs -                               District Judge Edmund A. Sargus, Jr.
                                          Magistrate Judge Michael R. Merz

TOM WATSON, WARDEN,

                                          :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought by Petitioner Alan Schubert with the assistance of counsel, is before the Court for decision on the merits. The Petition was filed December 22, 2023 (ECF No. 1). On Order of United States Magistrate Judge Caroline H. Gentry, to whom this case was initially referred, the Respondent Warden has filed the State Court Record (ECF No. 5) and a Return of Writ (ECF No. 6). Although Judge Gentry set a deadline for Petitioner to file a reply of twenty-one days after the Return was filed (ECF No. 2, PageID 18)(April 12, 2024), Petitioner has not done so and the time to do so has expired.

Petitioner pleads one ground for relief:

> **Ground One:** Petitioner's rights to due process and a meaningful opportunity to pursue suppression of evidence was violated by Ohio courts' failure to apply the law.
>
> **Supporting Facts:** Both at trial and upon appellate review, the State failed to demonstrate substantial compliance with the requirements of R.C. 4511.19 and O.A.C 3701-53-01 et seq., the relevant statutory provisions which establish the circumstances

1

> under which a chemical blood test is determined reliable under Ohio law. Instead, rather than applying those statutory provisions, Ohio courts abandoned that statutory framework and adopted the opinion of the State's expert, who was permitted to opine that the results were reliable.

(Petition, ECF No. 1, PageID 5).

Respondent asserts Ground One is not cognizable in federal habeas corpus because it raises only state law questions. Alternatively, Respondent asserts Petitioner is barred from a merits decision on Ground One because he did not fairly present it as a federal constitutional question to the Ohio courts.

## Analysis

**Cognizability**

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).  "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

Read as pleaded, Petitioner's Ground for Relief asserts he was denied due process of law by the failure of the Ohio courts to apply or properly apply Ohio law for the testing of blood samples. However, on direct appeal the Ohio Court of Appeals for the Fifth District decided the

State had substantially complied with the applicable Ohio law in conducting the blood test. *State v. Schubert*, 170 N.E.3d 1296, 2021-Ohio-1478 (Ohio App. 5th Dist. Apr. 28, 2021).  The Ohio Supreme Court accepted jurisdiction only on a proposition of law not relevant to the Petition here. *State v. Schubert,* 164 Ohio St.3d 1419 (Aug. 31, 2021), making the Fifth District's decision the final state court decision on the merits.

This Court cannot review the Ohio court's decision on whether the State substantially complied with Ohio law in taking the blood sample because that is a state law question.  Moreover, failure to comply with state procedural law is not a violation of the Due Process Clause.  "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993).

To the extent the Petition claims the prosecution did not substantially comply with Ohio law in obtaining a blood sample, the claim is not cognizable in habeas corpus.

Furthermore, merits consideration of Ground One is barred by Petitioner's procedural default in presenting it to the Ohio courts.  To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

A claim is fairly presented if the petitioner

> (1) relied upon federal cases employing constitutional analysis; (2) relied upon state cases employing federal constitutional analysis; (3) phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleged facts well within the mainstream of constitutional law.

*Hand v. Houk*, 871 F.3d 390, 418 (6th Cir. 2017).

The relevant assignment of error on direct appeal reads "[t]he trial court should have granted Schubert's motion to suppress his blood test results, because the State failed to prove that Schubert's blood tests complied with the administrative requirements and R.C. 4511.19." Schubert's argument on this Assignment of Error in his brief relies entirely on Ohio case law analyzing the application of the Ohio statute and administrative regulation (Appellant's Brief, State Court Record, ECF No. 5, Ex. 13).

Because Schubert did not fairly present his Ground For Relief as a constitutional claim to the Fifth District, he has procedurally defaulted that claim. In that he did not file a reply to the Return of Writ, he has not offered any excusing cause and prejudice.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not

4

be permitted to proceed *in forma pauperis*.

November 26, 2024.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #